UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

JOSE GREGORIO SANTOS

                    Plaintiff,

                -against-

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, POLICE OFFICER
CHAVEZ SHIELD NUMBER 26869
OF THE 48TH POLICE PRECINCT, AND OTHER
POLICE OFFICERS WHOSE IDENTITIES ARE
UNKNOWN AT THIS TIME.

                    Defendants,
-----------------------------------------------------------X

12 CV 9134

JUDGE BUCHWALD

**TRIAL BY JURY DEMANDED**

Civil No.

RECEIVED
DEC 1 4 2012
**SUMMONS AND COMPLAINT**

Plaintiff, GREGORIO SANTOS, by and through his attorney, Andres M. Aranda Esq., respectfully shows to this court and alleges as following:

### INTRODUCTION

1. This is an action, commenced by plaintiff for money damages against the defendants for committing acts within the scope of their employment and under color of law and depriving plaintiff of his rights secured by the Constitution and laws of the United States and the State of New York.

Plaintiff alleges that defendants, individually and through said Officers deprived him of his rights all without probable cause, reason, or provocation to do so.

This action has been commenced within three years after plaintiff's claim arose by reason of the illegal arrest and excessive force used to arrest the plaintiff.

### JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. Sec. 1983 and 1988 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

3. Jurisdiction is founded upon 28 U.S.C. Sec. 1331, 1343 (1-4), and 2202.

4. Venue is proper in this district pursuant to 28 U.S.C. Sect. 139 (b).

## JURY DEMAND

5. Plaintiff demands trial by jury in this action.

## PARTIES

6. Plaintiff GREGORIO SANTOS is a US Citizen and a life- long resident OF THE BRONX.

7. Defendant CITY OF NEW YORK (CITY) is a municipal corporation organized under the laws of the State of New York and the public employer of Police Officer JAVIER CHAVEZ and the John and Jane Doe police officers named as a defendant in this action and whose identities are still unknown.

8. Defendant New York City Police Department is an agency of the City of New York, existing and operating by virtue of the laws of the State of New York and the City of New York.

9. At all times relevant herein, defendant Police Officers, were acting as agents, servants and employees of the defendant CITY of New YORK and in furtherance of and within the scope of THEIR employment, and THE BUSINESS OF THE City, and acting under color of law; to wit under color of statues, ordinances, regulations, policies, customs and usages of the CITY of NEW YORK and by virtue of its rules, regulations and statutes. The Defendant City is responsible as respondeat superior for the actions, and inactions, of its agents, and employees, acting under color of law and in the carrying out of their employment and the business of said City Defendant.

## FACTUAL ALLEGATIONS

10. `On or about December 26, 2009 at approximately 4:14 AM, the Plaintiff, JOSE GREGORIO SANTOS, was exiting the "EROS" DISCOTEQUE located at 1971 Southern Blvd in the Bronx. At that time he was approached from behind by PO JAVIER CHAVEZ, a named defendant herein, who proceeded to pepper spray Plaintiff Santos in the face. Plaintiff Santos started to gag, choke and cry from this unwarranted abusive gestapo like police behavior. PO Chavez them proceeded to knock Plaintiff Santos about, cuffed him and abused him physically and verbally.

Mr. Santos was arrested and charged with Obstructing Governmental Administration and Disorderly Conduct. Plaintiff was taken to the 48 Precinct and then to Central Booking. Eventually he was arraigned and released by the Court.

11. The police approached Mr. SANTOS as he was peacefully and lawfully with his friends leaving the above mentioned Discotheque. He was approached by police officers who proceeded to VIOLENTLY AND WITHOUT GOOD CAUSE OR PROBABLE CAUSE to pepper spray, assault and arrest Mr. SANTOS, who protested his innocence and who repeatedly asked why he was being arrested, pepper sprayed, assaulted and abused by the very people sworn to protect him from harm. This use of excessive force was not only unnecessary, but it was wantonly and illegally done without All of this after the victim of the crime the police were there to investigate had exonerated Mr. SANTOS and said that Mr. SANTOS was innocent.

12. Mr. SANTOS, after he was assaulted, was questioned by said uniformed Police Officers an alleged assault on a bouncer of the disco, this bouncer indicated that MR. SANTOS had not assaulted him. Mr. SANTOS INDICATED THAT HE KNEW NOTHING ABOUT IT SINCE HE WAS JUST COMING OUT FROM THE DISCO. This was echoed by his friends. However, he was thrown to the ground, punched and kicked, handcuffed and subsequently charged with various criminal charges; all without any cause or justification, in violation of Mr. SANTO'S civil rights. He was arrested without any CRIMINALITY ON HIS PART and without even performing a minimal investigation as to what, if anything, had transpired at the scene. In fact, the police kept telling Mr. SANTOS that they were sure that he had participated in the assault. Mr. SANTOS denied any knowledge of this. Nevertheless, the police arrested Mr. SANTOS and detained this young, Hispanic male, for A FULL day at BRONX Central Booking, a dangerous, foul smelling place.

13. Mr. SANTOS was taken to Central Booking in the urine smelling, rat infected basement of the BRONX Criminal Courthouse. Mr. SANTOS languished there, while the case proceeded for approximately 24 hours. Mr. SANTOS was released by the Court and eventually the matter was disposed. On February 2, 2011 Mr. Santos pled guilty to a violation, not a crime, and the matter was sealed on February 1, 2011.

14. Mr. Santos was incarcerated from the early morning hours of DECEMBER 26, 2009, at 14 minutes past mid-night, to the late afternoon/evening of DECEMBER 27, 2009.

15. Mr. SANTOS WAS EVENTUALLY RELEASED AND HAD TO RETURN to the BRONX County Criminal Court. He pled to the violation because the Court promised to seal the matter.

16. The CHARGES PERTAINING to the alleged obstruction of governmental administration were dismissed. The police officers failed to produce any credible evidence, or to show any probable cause for the arrest on that charge and the matter had to be dismissed. PO Chavez had alleged that Mr. Santos was fighting with another individual however, he failed to produce, identify or make that mysterious individual available to the court or counsel.

17. The ordeal greatly traumatized Mr. SANTOS AND HIS FAMILY who as a result of his unlawful incarceration, and the excessive force used to arrest him, including being almost caused to gag to death as a direct result of the unnecessary, inhuman and merciless pepper spraying that he received at the hands of the police officers, including defendant CHAVEZ, suffered the deprivation of freedom. The criminal charges against Mr. SANTOS were terminated favorably, on the merits.

## DAMAGES

18. As a direct and proximate result of the said acts of the defendants, Mr. MORA suffered the following injuries and damages:

   a. Violation of his rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution;
   b. Loss of physical liberty due to incarceration;
   c. Humiliation, embarrassment and injury to reputation.
   d. Attorney fees.
   e. Pain and suffering as a result of the unnecessary and excessive force used to arrest him without probable cause and/or justification.

## CAUSES OF ACTION

### COUNT 1

### 42 U.S.C. SEC. 1981, 1983 – FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS: FALSE ARREST

19. Paragraphs 1-18 are incorporated by reference as though fully set forth.

20. Plaintiff did not commit ANY CRIMINAL ACT OR ACTS OR VIOLATIONS, either before or at the time he was unlawfully arrested, imprisoned, prosecuted and deprived of his constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. Sec. 1983 and the Constitution of the State of New York, any illegal act. The Fourth Amendment protects people from unreasonable searches and seizures. The plaintiff claims that his arrest, beating, search and arrest were unlawful because it was made without probable cause to believe Mr. Jose santos had committed any of the crimes for which he was arrested and charged, especially since the VICTIM OF THE ASSAULT HAD STATED THAT HE WAS NOT INVOLVED IN THE ASSAULT.. The continued prosecution which forced Mr. SANTOS to remain

Dated: Bronx, New York
March 3, 2012

_____
Andres M. Aranda
930 Grand Concourse, suite 1A
Bronx, New York 10451
(718) 590-1904
(718) 541-9241
Amarandawill.c.u@g-mail.com

```
            SUPREME COURT OF THE STATE OF NEW YORK      FEE:$10.00
                            BRONX COUNTY
                          265 EAST 161 STREET
                           BRONX, NY 10451


               CERTIFICATE OF DISPOSITION - MISDEMEANOR/VIOLATION

DATE: 07/16/2010                 CERTIFICATE OF DISPOSITION NUMBER: 33946

PEOPLE OF THE STATE OF NEW YORK   CASE NUMBER:              81335C-2009
                VS.               LOWER COURT NUMBER(S):    2009BX081335
                                  DATE OF ARREST:           12/26/2009
                                  ARREST #:                 B09701815
                                  DATE OF BIRTH:            07/23/1984
SANTOS,JOSE
_____
           DEFENDANT

I HEREBY CERTIFY THAT IT APPEARS FROM AN EXAMINATION OF THE RECORDS
ON FILE IN THIS OFFICE THAT ON 02/02/2010 THE ABOVE NAMED DEFENDANT WAS
CONVICTED OF THE VIOLATIONS(S) BELOW BEFORE JUSTICE  GONZALEZ,D THEN A
JUSTICE OF THIS COURT.

DISORDERLY CONDUCT  PL  240.20 01 V

THAT ON 02/02/2010, UPON THE AFORESAID CONVICTION BY PLEA  THE HONORABLE
GONZALEZ,D  THEN A JUDGE OF THIS COURT, SENTENCED THE DEFENDANT
TO

DISORDERLY CONDUCT  PL  240.20 01 V
CONDITIONAL DISCHARGE = 1 YEAR(S)


CVAF = $25 (PAID)
SURCHARGE = $95 (PAID)




IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND AND AFFIXED MY
OFFICIAL SEAL ON THIS DATE 07/16/2010.

                                              COURT CLERK
```

## DESIGNATION OF AGENT FOR ACCESS TO SEALED RECORDS PURSUANT TO NYCPL 160.50[1][d]

I, **JOSE GREGORIO SANTOS**, Date of Birth **7/23/84** SS# **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**, pursuant to NYCPL § 160.50[1][d], hereby designate Corporation Counsel of the City of New York, or his authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled People of the State of New York v. **JOSE SANTOS**, Docket No. or Indictment No. **433222580-3** in **CRIM** Court, County of **BRONX**, State of New York, relating to my arrest on or about **6-28-11**, may be made available for use in Civil Action **JOSE GREGORIO SANTOS, CITY OF NY, NYPD** (S.D.N.Y.).

I understand that until now the aforesaid records have been sealed pursuant to CPL § 160.50, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL § 160.50

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL § 160.50.

I further authorize the release of a list from the New York City Police Department that identifies all my prior arrests by date of arrest, charge(s) and disposition, including all sealed arrests.

SIGNATURE

STATE OF NEW YORK )
                  : SS.:
COUNTY OF **New York** )

On this **5th** day of **November**, 2012 before me personally came **Jose Gregorio Santos** me known and known to me to be the individual described in and who executed the foregoing instrument, and __ acknowledged to me that __ executed the same.

NOTARY PUBLIC

INDIRA E POLANCO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01PO6216214
Qualified In New York County
Commission Expires: January 11, 2014

May 18, 2011

```
              SUPREME COURT OF THE STATE OF NEW YORK        FEE:$10.00
                              BRONX COUNTY
                           265 EAST 161 STREET
                             BRONX, NY 10451
```

CERTIFICATE OF DISPOSITION - MISDEMEANOR/VIOLATION

DATE: 07/16/2010                CERTIFICATE OF DISPOSITION NUMBER: 33946

---

PEOPLE OF THE STATE OF NEW YORK     CASE NUMBER:              81335C-2009
              VS.                   LOWER COURT NUMBER(S):    2009BX081335
                                    DATE OF ARREST:           12/26/2009
                                    ARREST #:                 B09701815
                                    DATE OF BIRTH:            07/23/1984

SANTOS, JOSE
---------------------------------
           DEFENDANT

I HEREBY CERTIFY THAT IT APPEARS FROM AN EXAMINATION OF THE RECORDS
ON FILE IN THIS OFFICE THAT ON 02/02/2010 THE ABOVE NAMED DEFENDANT WAS
CONVICTED OF THE VIOLATIONS(S) BELOW BEFORE JUSTICE  GONZALEZ,D THEN A
JUSTICE OF THIS COURT.

DISORDERLY CONDUCT   PL  240.20 01 V

THAT ON 02/02/2010, UPON THE AFORESAID CONVICTION BY PLEA  THE HONORABLE
GONZALEZ,D  THEN A JUDGE OF THIS COURT, SENTENCED THE DEFENDANT
TO

DISORDERLY CONDUCT   PL  240.20 01 V
CONDITIONAL DISCHARGE = 1 YEAR(S)


CVAF = $25 (PAID)
SURCHARGE = $95 (PAID)



IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND AND AFFIXED MY
OFFICIAL SEAL ON THIS DATE 07/16/2010.

                                              [signature]
                                              COURT CLERK